IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:04CV00889



RONALD A. DONNELLY, JR., and
THERESA M. KITTELL,

Plaintiffs,

v.

ARRINGDON DEVELOPMENT, INC.,

Defendant.

**DEFENDANT'S MOTION TO
REQUEST
EXPEDITED RESOLUTION OF
DISCOVERY DISPUTE BY
TELEPHONE CONFERENCE**

Defendant Arringdon Development, Inc. ("Arringdon"), through counsel, moves the

Court for a telephone conference to resolve a discovery dispute, pursuant to Local Rule 26.1(d)

of the Rules of Practice and Procedure of the United States District Court for the Middle District

of North Carolina. In support of this Motion, Arringdon shows the Court as follows:

1.      Timothy M. Duffy has been designated an expert witness for the plaintiffs in this

case.

2.      After conferring with counsel for plaintiffs, counsel for Arringdon scheduled Mr.

Duffy's deposition for May 17, 2005. This was confirmed by letter dated May 6, 2005,

enclosing a notice of deposition and subpoena duces tecum. The letter, notice, and subpoena

were served on counsel for plaintiffs and copied Mr. Duffy via certified mail. A copy of this

correspondence is attached hereto as Exhibit A.

3.      The cover letter to counsel for plaintiffs stated, "We assume that you will accept

service of the deposition notice and subpoena on behalf of your expert. If that is not the case,

please let me know immediately." See Ex. A.

4.      Counsel for Arringdon received no objection from counsel for plaintiffs, who had accepted service on behalf of another out-of-state expert witness, Chin Yang, who was deposed on May 5, 2005 and produced documents pursuant to his subpoena.

5.      Thereafter, counsel for Arringdon agreed, at the request of plaintiffs' counsel, to reschedule Mr. Duffy's deposition for May 31, 2005. Copies of this correspondence, dated May 11 and May 12, 2005, are attached as Exhibit B.

6.      Though not addressed in the written correspondence, in discussing the deposition rescheduling, counsel for plaintiffs questioned the scope of the May 6, 2005 subpoena duces tecum, but did not raise an objection to service.

7.      On Wednesday, May 23, 2005, counsel for Arringdon sent plaintiffs' counsel an amended notice of deposition and subpoena duces tecum, requesting the same documents as the May 6, 2005 subpoena. As before, the letter, notice, and subpoena were served on counsel for plaintiffs and copied Mr. Duffy via certified mail. A copy of these documents is attached as Exhibit C. The cover letter from counsel for Arringdon contained the same language regarding acceptance of service. See Ex. C.

8.      On May 25, 2005, counsel for plaintiffs contacted counsel for Arringdon by telephone, stating his objections to the subpoena. The following day, he summarized those objections in a faxed letter, a copy of which is attached as Exhibit D. The letter was faxed to counsel for Arringdon at 5:35 p.m., and requested a response "tomorrow," which is today.

9.      Counsel for Arringdon responded today, May 27, by faxed letter. A copy of that correspondence is attached as Exhibit E. Counsel for Arringdon attempted to confer with plaintiffs' counsel Ed Gaskins this morning, and was told that he is out of the office until Tuesday, May 31, 2005.

2

10.     This afternoon, counsel for Arringdon and plaintiffs' attorney Kimberly Wilson have conferred by telephone and are unable to resolve the discovery dispute regarding the subpoena duces tecum.

11.     In addition to being responsive to the subpoena served, many of the documents sought by the subpoena that have not been produced are also responsive to Arringdon's previously served discovery requests, including request for documents Nos. 2, 8, 13, and 14. A copy of the written discovery responses of plaintiff Kittell is attached as Exhibit F.

12.     The deposition of Mr. Duffy is scheduled for Tuesday, May 31, 2005 at 12:00 p.m., and an expedited hearing via telephone is requested to resolve this matter before the deposition takes place.

13.     Counsel for Arringdon anticipates that a fifteen minute telephone conference will be sufficient to resolve the issue.

WHEREFORE, defendant Arringdon Development, Inc. requests that Magistrate Judge Dixon allow the parties to hold a telephone conference as soon as possible so that this discovery issue will be resolved prior to the scheduled expert deposition on Tuesday, May 31, 2005.

This the 27th day of May, 2005.

J. Donald Cowan, Jr.
N.C. State Bar No. 0968
Angela L. Little
N.C. State Bar No. 27281
Laura M. Loyek
N.C. State Bar No. 28708

Attorneys for Arringdon Development, Inc.

3

OF COUNSEL:

SMITH MOORE LLP
P.O. Box 21927 (27420)
300 N. Greene Street, Suite 1400
Greensboro, North Carolina 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

SMITH MOORE LLP
P.O. Box 27525 (27611)
2800 Two Hannover Square
Raleigh, North Carolina 27601
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO REQUEST EXPEDITED

RESOLUTION OF DISCOVERY DISPUTE BY TELEPHONE CONFERENCE has been duly

served upon the plaintiffs <u>via facsimile without enclosures</u>, with enclosures to follow by U.S.

Mail, to the following counsel of record:

        Kimberly R. Wilson
        Lewis & Roberts, PLLC
        1305 Navaho Drive, Suite 400
        P.O. Box 17529
        Raleigh, NC  27619-7529

        E.D. Gaskins, Jr.
        Michael J. Tadych
        Everett, Gaskins, Hancock & Stevens LLP
        127 W. Hargett Street, Suite 600
        P.O. Box 911
        Raleigh, NC  27609-0911

This the 27th day of May, 2005.

Angela L. Little

5